UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRITIANI KEEN                                                                                          PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:24-CV-777-DPJ-ASH

MDB BEHAVIORAL HEALTH
SERVICES, LLC, d/b/a MDB Health Services                                              DEFENDANT

ORDER

After Britiani Keen sued her former employer, MDB Behavioral Health Services, LLC., MDB counterclaimed in its Answer [8]. Keen now moves to dismiss the counterclaim. Keen's motion [11] is denied.

I.      Background

In February 2023, Keen started work as a nurse practitioner for MDB. Compl. [1] ¶ 7. A few months after she began, Keen—a White woman, *id.* ¶ 1—found MDB had hired three more nurse practitioners, all of whom were Black, and paid them more, *id.* ¶¶ 13–14. In the 168 paragraphs of her "statement of facts," Keen details her further grievances against MDB. *Id.* ¶¶ 6–173. Keen claims MDB breached her contract and violated Title VII, the Fair Labor Standards Act (FLSA), and 42 U.S.C. § 1981. *Id.* ¶¶ 174–97.

In its Answer, MDB denies liability and counterclaims Keen for violating a non-disparagement agreement (NDA). Ans. [8] at 23–24. Keen moves to dismiss the counterclaim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

II.     Standard

Keen brings her motion under two federal rules of procedure, Rule 12(b)(1) and Rule 12(b)(6). The former allows dismissal for lack of subject-matter jurisdiction, and the latter allows dismissal for failure to state a claim. Considering jurisdiction first, a claim is "'properly

dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The burden to establish jurisdiction is on the party bringing the claim, in this case MDB. *Id*.

Supplemental jurisdiction exists over compulsory counterclaims under 28 U.S.C. § 1367(a). *See Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 451 (5th Cir. 2022). MDB argues that its counterclaim is compulsory, and Keen doesn't dispute that position. *See* Def.'s Mem. [21] at 4. But even if the counterclaim is permissive, supplemental jurisdiction may still apply under § 1367(a). 13D *Federal Practice and Procedure* § 3567.1 (3d ed.); *see Naranjo v. Nick's Mgmt., Inc.*, No. 3:21-CV-2883, 2022 WL 3139755, at *2 (N.D. Tex. Aug. 5, 2022) (collecting district-court cases and noting "Fifth Circuit has not yet weighed in" on supplemental jurisdiction over permissive counterclaims).

Either way, under § 1367(c), a court may decline to exercise supplemental jurisdiction over any counterclaim if it meets one of the given criteria, including "other compelling reasons for declining jurisdiction." And here, Keen offers what other courts have found to be a compelling reason to decline supplemental jurisdiction—the bar against counterclaims in FLSA cases. *See, e.g.*, *id.* at 4. So, whether considered under Rule 12(b)(6) or 12(b)(1), the question is whether MDB's counterclaims fall within that bar.

III.   Discussion

Keen's argument is straightforward. She sued MDB under the FLSA, and counterclaims aren't allowed in FLSA actions. Pl.'s Mem. [12] at 3–4 (citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130,

134 n.10 (1988)); *see also Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1039 (5th Cir. 2010).

That much is true. Under *Heard*, "set-offs and counterclaims are inappropriate in any case brought to enforce the FLSA's minimum wage and overtime provisions." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir. 2010). That rule applies to counterclaims seeking "money the employer claims the employee owes it" or "damages the employee's tortious conduct allegedly caused." *Id*. at 740. But the Fifth Circuit has never considered whether the *Heard* rule applies when the plaintiff brings more than an FLSA claim. Here, Keen also sues MDB for race discrimination under Title VII and § 1981, and she alleges breach of contract.

While no binding precedent has been cited in cases with multiple causes of action, *Heard* provides an initial clue. There, the Fifth Circuit examined why counterclaims should be prohibited.

> Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act. The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act[ ] and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions, whether the suit is initiated by individual employees or by the Secretary of Labor.

*Heard*, 491 F.2d at 4.

MDB says these policy reasons don't apply because Keen has already "cluttered" the case by bringing other claims and those claims dwarf the damages she seeks under the FLSA. Def.'s Mem. [21] at 3. There is support for that. *See Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. 2:08-CV-722, 2009 WL 10693341 *5 (D. Nev. 2009) (holding that "[i]t would be unfair to allow the [plaintiffs] to assert their breach of

3

contract claim against [defendant] while simultaneously forbidding [defendant] to assert its breach of contract counterclaim against the [plaintiffs]"); *see also Sotelo v. Interior Glass Design, LLC*, No. 16-24224-CIV, 2017 WL 7796317, at *7 (S.D. Fla. Aug. 4, 2017) (noting that *Heard* is a pre-circuit-split case and therefore binding in Eleventh Circuit but distinguishing it from cases where plaintiff asserts multiple causes of action).[1]

The Court concludes that the motion should be denied without prejudice. *Heard* and the Fifth Circuit cases that followed were all decided post judgment and not at the pleading stage. *See Martin*, 628 F.3d at 740; *Gagnon*; 607 F.3d at 1039; *Heard*, 491 F.2d at 2. By then, it was clear whether the asserted setoffs would undermine the FLSA. *See Sotelo*, 2017 WL 7796317, at *4 (noting that *Heard* does not "address the pleading stage at all"). And that could make a difference here.

If Keen's FLSA claim survives summary judgment and the other claims don't, then she would have a better argument that *Heard* provides "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). If the FLSA claim is dismissed and the others aren't, then her position weakens. While the Court reserves judgment on such issues, it seems more prudent to wait as did courts in cases like *Sotelo*. 2017 WL 7796317, at *7. A Rule 12(b)(1) motion may be raised "at any time." Fed. R. Civ. P. 12(b)(h)(3).

---

[1] That same court noted that the line "between cases in which courts denied the motions to dismiss counterclaims and cases in which courts granted those motions appears to turn on whether the counterclaim at issue was compulsory." *Sotelo*, 2017 WL 7796317, at *4. MBD makes this argument, and Keen never addresses it in reply. At this point, the Court need not rely on that distinction.

IV. Conclusion

The Court has considered all arguments presented. Any not specifically addressed here would not change the result. The Court denies Keen's motion [11] without prejudice.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2025.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE